IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DANIEL ANTHONY,                          §
                                         §
                    Plaintiff,           §
                                         §
VS.                                      §   Civil Action No. 3:24-CV-2394-D
                                         §
HENDERSON COUNTY, TEXAS,                 §
et al.,                                  §
                                         §
                    Defendants.          §

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff Daniel Anthony ("Anthony") arising from his arrest and

detention in the Henderson County Jail, two defendants—Henderson County ("Henderson

County") and the City of Trinidad ("Trinidad")—move to dismiss for improper venue under

Fed R. Civ. P. 12(b)(3), or, alternatively, to transfer venue under 28 U.S.C. § 1404(a) to the

Tyler Division of the Eastern District of Texas.[1]  For the reasons that follow, the court denies

the motions.

I

The court need not extensively summarize the background facts and procedural

history to decide these motions.  According to Anthony's first amended complaint, he was

arrested by Trinidad Chief of Police Brian Miers ("Chief Miers") under the fabricated charge

of harassment of a public servant.  Chief Miers incorrectly accused Anthony of being a drug

---

[1]Although both motions refer to Rule 12(b)(6), neither motion appears to seek
dismissal under that rule.

addict who had AIDS, despite the fact that Anthony informed Chief Miers that he had

muscular dystrophy and PTSD.  Anthony was transported to the Henderson County Jail,

where he was booked in and placed in the "violent cell."  During his seven-day stay in the

jail, he was denied medical attention.

Anthony filed this lawsuit against Henderson County, Trinidad, and three other

defendants: defendant Philip R. Taft, Psy.D ("Dr. Taft"), who is the owner of defendant

Philip R. Taft Psy.D & Associates, PLLC (collectively, the "Taft Defendants"), and

defendant Southern Health Partners, Inc. ("SHP").  The Taft Defendants contracted with

Henderson County to provide psychological  services to the jail.  SHP contracted with

Henderson County to provide medical care to jail detainees.

In two nearly identical motions, Henderson County and Trinidad move to dismiss this

action pursuant to Rule 12(b)(3) for improper venue, or, alternatively, to transfer venue under

28 U.S.C. § 1404(a).[2]  Anthony opposes the motions, which the court is deciding on the

---

[2]Henderson County filed on November 25, 2024 a partially opposed motion to dismiss pursuant to Rule 12(b)(3) for improper venue and alternative motion to transfer venue, and the City of Malakoff ("Malakoff") filed on November 25, 2024 a partially opposed motion to dismiss pursuant to Rule 12(b)(6), 12(b)(3) and alternative motion to transfer venue. After Anthony filed an amended complaint on December 11, 2024, Henderson County filed on December 23, 2024 a partially opposed motion to dismiss pursuant to Rule 12(b)(3) for improper venue and alternative motion to transfer venue, and Trinidad filed on December 23, 2024 a partially opposed motion to dismiss pursuant to Rule 12(b)(6), 12(b)(3) and alternative motion to transfer venue.  Henderson County's November 25, 2024 motion is moot based on the filing of the amended complaint, and its December 23, 2024 motion is the one that the court now decides.  Malakoff's motion is moot because on December 23, 2024 Anthony dismissed Malakoff as a defendant.  The two motions that the court addresses in this memorandum opinion and order are the December 23, 2024 motions to dismiss or transfer filed by Henderson County and Trinidad.

briefs, without oral argument.[3]

II

The court turns first to the motions to dismiss for improper venue.

Under Rule 12(b)(3), a party may move to dismiss a claim for improper venue. Rule 12(b)(3). "When a case is filed in the 'wrong division or district,' district courts are instructed under 28 U.S.C. § 1406(a) either to dismiss or, 'if it be in the best interest of justice,' to transfer to a district where venue is proper." *Alessandro-Roberto v. Experian Info. Sols. Inc.*, 2023 WL 6462860, at *2 (N.D. Tex. Oct. 2, 2023) (Fitzwater, J.) (quoting 28 U.S.C. § 1406(a)). A civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391 (b)(1). An entity-defendant "shall be deemed to reside . . . in any judicial district in which such defendant is subject to personal jurisdiction." 28 U.S.C. § 1391(c)(2).

All five defendants reside in Texas. Henderson County and Trinidad are political subdivisions within Texas, and the Taft Defendants reside in Navarro County, Texas. Henderson County and Trinidad have failed to demonstrate why subjecting SHP to personal jurisdiction would be improper. Thus because SHP conducts business in various counties in Texas, including Navarro County, SHP is subject to personal jurisdiction and is deemed to reside in Texas under 28 U.S.C. § 1391(c)(2). Therefore, because all defendants reside

---

[3]The Taft Defendants filed on December 17, 2024 a motion to dismiss plaintiff's first amended complaint pursuant to Rule 12(b)(6). That motion is still pending and will be decided separately from the motions decided today.

- 3 -

in Texas, venue is proper under § 1391(b)(1).

Henderson County and Trinidad seek to sever and transfer the case for the defendants for whom venue is improper. A severance inquiry considers convenience and judicial economy, and a case should not be severed if the result is that "the same issue would be litigated in two cases." *In Re Rolls Royce Corp.*, 775 F.3d 671, 680 (5th Cir. 2014). Severance is improper here because the issues and facts are common for all defendants.

Accordingly, the court denies Trinidad's and Henderson County's motions to dismiss for improper venue under Rule 12(b)(3).

III

Defendants move in the alternative to transfer this suit under 28 U.S.C. § 1404(a) to the Tyler Division of the Eastern District of Texas.

A

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The decision to transfer is made to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Bank One, N.A. v. Euro-Alamo Invs., Inc.*, 211 F.Supp.2d 808, 811 (N.D. Tex. 2002) (Fitzwater, J.) (citing *Stabler v. N.Y. Times Co.*, 569 F. Supp. 1131, 1137 (S.D. Tex. 1983)). "The court cannot transfer a case where the result is merely to shift the inconvenience of the venue from one party to the other." *Sivertson v. Clinton*, 2011 WL 4100958, at *3 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (citing *Fowler*

*v. Broussard*, 2001 WL 184237, at *6 (N.D. Tex. Jan. 22, 2001) (Fitzwater, J.)).

As a preliminary question, the court must decide "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam). Once the court resolves this issue, "the determination of 'convenience' turns on a number of private and public interest factors, none of which are given dispositive weight." *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)).

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.
>
> The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

The moving party bears "the burden of proving by a preponderance of the evidence that transfer is appropriate." *Bank One, N.A.*, 211 F.Supp.2d at 812 (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)). Further, "[w]here there is no demonstration by the movant, let alone a clear one, the [district] court cannot weigh a factor against the non-movant and in favor of transfer." *Def. Distributed v. Bruck*, 30 F.4th 414, 434 (5th Cir. 2022).

- 5 -

Moreover, "'the plaintiff's choice of forum has reduced significance where most of the operative facts occurred outside the district.'" *Baxa Corp. v. ForHealth Techs., Inc.*, 2006 WL 680503, at *2 (N.D. Tex. Mar. 15, 2006) (Fitzwater, J.) (quoting *Minka Lighting, Inc. v. Trans Globe Imps., Inc.*, 2003 WL 21251684, at *1 (N.D. Tex. May 23, 2003) (Fish, C.J.)).

B

The court first addresses the threshold question of "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d at 203. The Tyler Division of the Eastern District of Texas would be a proper venue for this case because all the events that give rise to this claim occurred in Athens, which is located within the Tyler Division. *See* 28 U.S.C. § 1391(b)(2).

C

The court now addresses the private interest factors.

1

The first private interest factor concerns the relative ease of access to sources of proof. Considerations of accessibility and location of source of proof are "less influential due to advances in copying technology and information storage." *Sargent v. Sun Tr. Bank, N.A.*, 2004 WL 1630081, at *4 (N.D. Tex. July 20, 2004) (Fitzwater, J.) (citing *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 778 (E.D. Tex. 2000)). Henderson County and Trinidad contend that all the relevant evidence is stored in paper files in Athens, and it would be burdensome to transfer these files to Dallas. Anthony maintains that it is anticipated that

all evidence will be available electronically. The court concludes that, if the relevant evidence cannot be digitized, bringing the evidence to Tyler will not be clearly more convenient than transporting it to Dallas.

Trinidad and Henderson County contend that the travel time from Athens to Dallas is 36 miles longer than the commute from Athens to Tyler. Anthony posits that travel from Athens to Dallas involves approximately 20 minutes of additional driving time. Under either estimate, the additional time that it would take to transfer evidence to the Dallas Division is negligible. Thus this factor is neutral or weighs slightly against transfer.

2

The second private interest factor addresses the availability of compulsory process to secure witness attendance. This factor is neutral because both Dallas and Tyler are within the compulsory subpoena power of each respective court. *See* Rule 45(c)(1).

3

The third private interest factor addresses the cost of attendance for willing witnesses. The party seeking transfer of venue must "identify the 'key witnesses and the general content of their testimony.'" *Sargent*, 2004 WL 1630081, at *3 (quoting *Bank One*, 211 F.Supp.2d at 812). "'The party seeking the transfer must specify clearly . . . the key witnesses to be called and their location and must make a general statement of what their testimony will cover.'" *AllChem Performance Prods., Inc. v. Oreq Corp.*, 2013 WL 180460, at *4 (N.D. Tex. Jan. 17, 2013) (Fitzwater, C.J.) (quoting 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3851, at 221-22 (3d ed. 2007)); *see Magana v. Toyota*

- 7 -

*Motor Corp.*, 2010 WL 5108850, at *2 (N.D. Tex. Dec. 6, 2010) (Boyle, J.) (finding that

defendant failed to show good cause for transfer based on this factor because it did not

provide name, address, or proposed testimony of any witness who could more conveniently

testify in the proposed transferee district). This factor weighs in favor of retaining the case

in the Dallas Division of this court because Henderson County and Trinidad have failed to

carry their burden of identifying specific witnesses and the content of their testimony.

Henderson County and Trinidad merely maintain that witnesses will include the "sheriff,

jailers and other law enforcement personnel." Trinidad (Br. ECF No. 31) at 11. But neither

Trinidad nor Henderson County specifically identifies witnesses, where they work or reside,

or their proposed testimony. Therefore, they fail to demonstrate that the alternative venue

is clearly more convenient for the attendance of willing witness. Further, eseven if they had

identified specific witnesses, the additional burden of traveling to Dallas is insignificant.

4

The fourth private interest factor addresses all other practical problems to make the

trial easy, expeditious, and inexpensive. Trinidad and Henderson County raise concerns that

duplicative suits will be best avoided by transferring the litigation to the Tyler Division. The

court finds this to be a generalized concern that, without evidence of specific duplicative

suits, is insufficient to warrant transfer.

D

The court next considers the public interest factors.

1

The first public interest factor addresses the administrative difficulties flowing from court congestion. Anthony contends that the case should be retained in the Northern District because the Tyler Division of the Eastern District of Texas is burdened with enormous caseloads and is currently experiencing significant litigation delays. The only evidence provided in support of Anthony's claim is anecdotal experiences regarding three specific instances where his counsel experienced delays in the Tyler Division. This thin anecdotal evidence fails to provide a realistic picture regarding administrative difficulties and potential delays in the Tyler Division. Rather, the court looks to the United States Courts's published data for the federal court management statistics. Data for the 12 months ending September 30, 2024 show that the median time from filing to disposition in civil cases is 5.6 months in the Northern District of Texas and 7.5 months in the Eastern District of Texas. *Federal Court Management Statistics, September 2024*, UNITED STATES COURTS, at 34, 35. Further, the median time from filing to a civil trial is 18.1 months in the Northern District and 21.9 months in the Eastern District. *Id.* While the data demonstrate that the time to trial or disposition in the Northern District is somewhat faster, the difference is immaterial. Neither Trinidad nor Henderson County makes any argument that the Tyler Division is a more convenient location based on concerns for court congestion. Thus this factor slightly supports retaining the case in the Dallas Division.

2

The second public interest factor considers the local interest in having localized interests decided at home.  The consideration of this factor "most notably regards not merely the parties' significant connections to each forum writ large, but rather the significant connections between a particular venue and the events that gave rise to a suit."  *Def. Distributed*, 30 F.4th at 435 (citing *In Re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2022)). All events that give rise to this claim occurred at the Henderson County Jail in Athens, including the fulfillment of the contracts that the Taft Defendants and SHP had with the jail. Although all events that gave rise to the suit occurred in Athens, only two of the five defendants are considered "at home" in the Tyler Division, and "Texas residents in general have a vested interest in the operations of Texas jails." *Olvera v. Henderson Cnty.*, 2024 WL 4895721, at *3 (N.D. Tex. Nov. 26, 2024) (Godbey, C.J.).  Considering the locus of the relevant facts and the "home" of the relevant parties, the court finds that this factor weighs slightly in favor of transfer.

3

The third public interest factor is the familiarity of the forum with the law that will govern the case.  This factor is neutral because both the Tyler Division and the Dallas Division are familiar with the law that will govern the case.  Trinidad and Henderson County argue that Tyler is more familiar with the parties and subject matter based on a history of dealing with similar claims.  This is not persuasive because this factor only addresses the forum's familiarity with the applicable law, not the parties and subject matter in dispute.

Accordingly, this factor is neutral.

4

The fourth and final public interest factor is the avoidance of unnecessary problems of conflict of laws and the application of foreign law. Neither side makes an argument that this factor favors a transfer or retaining the case in the Dallas Division. This factor is neutral considering that there is no conflict of laws between the Tyler Division of the Eastern District of Texas and the Dallas Division of the Northern District of Texas.

E

Having considered the individual public and private interest factors, the court turns to a holistic review of the various factors and the additional relevant considerations. All the factors presented are either neutral or slightly favor retaining the case in Dallas, except the second public interest factor concerning having localized interests decided at home. In the court's view, this is not enough to prove that transfer is warranted by the preponderance of the evidence. This holding is consistent with Chief Judge Godbey's denial of the motion to transfer in *Olvera v. Henderson County*, which involves similarly situated parties and nearly identical considerations in the factor analysis. *See Olvera*, 2024 WL 4895721, at *3.

IV

In sum, the court denies Trinidad's and Henderson County's motions to dismiss because the Northern District of Texas, Dallas Division, is a proper venue. And the court denies defendants' motions to transfer venue to the Eastern District of Texas, Tyler Division, under § 1404(a) because Trinidad and Henderson have failed to show that the Tyler Division

- 11 -

is clearly more convenient.

**SO ORDERED**.

March 7, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE